PRATT, J.
(dissenting),—The principle is well established that a purchaser of real estate takes subject to all equities of which he has notice. In the present case it sufficiently appears that defendant knew when he purchased that plaintiffs bought upon the faith of the restriction announced by the common grantor. The defendant states that he consulted counsel upon the matter, and was advised that, if he secured a deed which contained no restriction, he would be able to use his' land as he desired. We think he was badly advised, and that.he must abide by the case of his grantor. The plaintiffs were prior purchasers in point of time, and can enforce the restriction against subsequent purchasers with notice. It appears that plaintiffs have not paid for their lots, and the circumstances of their alleged purchase create a 'great deal of doubt whether it was more than colorable. What would probably be a good test is to inquire if their grantor could have built the house in question. If he could not, neither could his grantee with notice. In a case where the lot was so far away as that the damage to the plaintiffs was not appreciable, equity would not take cognizance of a violation of the restrictions ; but, where the fact is found that the plaintiffs will be materially damaged, equity ought to intervene and grant relief.
. Judgment afgjmed, with costs.